# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ADEMIJU, : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:19-1481 |
| v. : | |
| : | (Judge Mannion) |
| CRAIG LOWE, Warden, : | |
| Respondent : | |

## MEMORANDUM

James Ademiju, a detainee of the Immigration and Customs Enforcement ("ICE"), housed at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1, petition). Petitioner requests this Court "grant his motion for stay of removal/restraint order." Id. For the reasons that follow, the Court will summarily dismiss the petition for lack of jurisdiction.

## I. Background

Petitioner, was placed in removal proceedings under INA 212(a) 96) (c)(i) which was administratively closed on October 25, 2016. (Doc. 1, petition). On September 10, 2018 he was charged removable pursuant to INA §237(a)(2)(A)(iii) as an aggravated felony as defined in section 101(a)( 43)(M). Id. He requested relief under the United Nations convention against torture

and other cruel, inhuman or degrading treatment or punishment as adopted by and subject to the provision of section 2242 of the foreign affairs reform and restructuring act of 1998, pub L. 105-277, 112 stat. 2681. Id.

On January 3, 2019, the immigration judge denied Ademiju's applications for asylum, withholding of removal, and protection under the Convention against Torture, and ordered him removed to Nigeria. Id. Petitioner filed a timely appeal to the Board of Immigration Appeals ("BIA"). Id.

In a decision dated June 6, 2019, the BIA dismissed Ademiju's appeal and denied his motion to remand. Id.

On June 13, 2019, Petitioner filed a motion to stay removal in the United States Court of Appeal for the Third Circuit. Ademiju v. Barr, C.A. No. 19-2383.

By Order dated August 7, 2019, the Immigration Judge, after considering Petitioner's custody redetermination pursuant to 8 C.F.R. §1236, granted Ademiju's request for change in status and order him released from custody under bond of $30,000. (Doc. 1 at 11, Order). Both parties waived appeal. Id.

By Order dated August 9, 2019, the United States Court of Appeals denied Petitioner's motion for stay of removal, finding the following:

> Petitioner's motion for a stay of removal is denied. See Nken v. Holder, 556 U.S. 418, 434 (2009). The temporary administrative stay entered by the Clerk on June 13, 2019, is vacated. Petitioner's motion to adduce additional evidence is referred to the merits panel.

In denying petitioner's motion for a stay of removal, we conclude that petitioner has not shown a sufficient likelihood of success on the merits or that the relevant factors overall warrant a stay. We express no opinion on the ultimate merits of petitioner's petition for review. For purposes of petitioner's stay motion, however, we conclude that petitioner has not shown a sufficient likelihood of prevailing on the arguments that he has raised in his brief on the merits. Those arguments include petitioner's arguments that the agency erred in determining that his offense was not a "particularly serious crime," that the agency erred in denying his application under the Convention Against Torture, that the Immigration Judge deprived him of due process by questioning him about his assets in Nigeria and by not providing an opportunity to contest the INA §237(a)(1)(A) charge, or that the Board of Immigration Appeals should have remanded on the ground of ineffective assistance of counsel or new evidence.

We reach that conclusion partially because petitioner's conviction of an aggravated felony likely limits this Court's jurisdiction to constitutional claims and questions of law (though that issue will be finally determined by the panel that reviews this petition for review on the merits). See 8 U.S.C. §1252(a)(2)(C), (D). Petitioner has not shown a likelihood of prevailing on any argument that the Immigration Judge or Board of Immigration Appeals committed legal or constitutional error in connection with any of the issues referenced above. Among other things, petitioner has not shown a likelihood of prevailing on his arguments that the agency legally erred in its assessment of his claims for relief or deprived him of the right to meaningfully present his case. Petitioner has not otherwise shown that the relevant factors warrant a stay. For these reasons, petitioner's motion for a stay of removal is denied.

As for petitioner's motion to adduce additional evidence, we have considered that motion and petitioner's new evidence in connection with petitioner's request for a stay of removal and have concluded that it does not warrant a stay. Among other things, the new evidence does not show a likelihood of success on the merits because the merits panel likely will consider only the administrative record on which petitioner's order of removal is based. See 8 U.S.C. §§1252(a)(1), (b)(4)(A). The new evidence

> also does not show that petitioner faces irreparable harm if removed to Nigeria. Thus, petitioner's new evidence does not warrant a stay. To the extent that petitioner seeks to adduce new evidence in support of his petition for review on the merits, petitioner's motion to adduce new evidence is referred to the merits panel.

Ademiju v. Barr, C.A. No. 19-2383.

On August 12, 2019, ICE filed with the immigration judge, an Emergency Motion to Vacate or Stay Bond Order in Light of Material Change in Circumstances, arguing that, in light of the Third Circuit's August 9, 2019 denial of Petitioner's motion for a stay of removal, there is currently no impediment to executing the administratively final order of removal. (Doc. 1 at 13, Motion).

On August 16, 2019, Petitioner filed a motion for reconsideration in the Third Circuit, of the denial of stay of removal. Ademiju v. Barr, C.A. No. 19-2383.

By Order dated August 23, 2019, the Third Circuit temporarily stayed Petitioner's removal "until such time as the Court can consider the Petitioner's pending reconsideration motion." Id.

On August 27, 2019, Petitioner filed the above captioned Emergency Petition for Writ of Habeas Corpus, in which he seeks an "emergency motion for stay of removal and restraint order." (Doc. 1).

**II. Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. §2254 (1977) (applicable to §2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D.Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert. denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993).

5

With regard to immigration matters, the Third Circuit Court of Appeals has explained that the Congress has enacted the Real ID Act, which "eliminated availability of habeas corpus relief in the district courts for aliens seeking to challenge orders of removal. Instead, Congress substituted petitions for review, filed with the courts of appeals within the first 30 days after issuance of an order of removal, as the sole vehicle whereby aliens could challenge their removal." Kolkevich v. Att'y Gen. of the United States, 501 F.3d 323, 326 (3d Cir. 2007). Specifically, the law provides: "Notwithstanding any other provision of law ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal[.]" 8 U.S.C. §1252(a)(5). District Courts such as this court, therefore, have no role in the appeal of a removal order process.

Petitioner specifically requests this Court to issue a stay of removal. However, this Court is not the court that is authorized to make such decisions in matters involving immigration. See Vasquez v. Napolitano, Slip Copy, 2010 WL 3946276 *4 (E.D.Pa. October 8, 2010) ("Indeed, it seems plain that any stay of the removal order must be appended to a request for judicial review of that order, which 8 U.S.C. §1252(a) (5) dictates can only be pursued in the Court of Appeals. Thus, subject matter jurisdiction to issue a stay of a removal

order, like any other challenge to a removal order, lies exclusively with the court of appeals."). The court in which Petitioner may seek relief is the court of appeals. As noted above, Petitioner did, in fact, seek a stay of removal in the Third Circuit Court of Appeals, but relief was denied for improbability of success on the merits. This Court is without authority to overrule the Third Circuit. For all of these reasons, the petition will be denied. An appropriate order follows.

III. <u>**Conclusion**</u>

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: August 27, 2019**
19-1481-01

7